Hyman, C. J.
On the 29th of March, 1855, John Davidson bought from the widow and heirs of Poydras de Lalande, a tract of land in the Parish of St. Bernard, and one hundred and twenty-five slaves, and for a part of the price, he gave his promissory notes, payable at different periods of time. He also gave a special mortgage on the land and slaves to secure the payment of his notes. On the 18th December, 1860, he sold the tract of land and slaves, with other slaves, to Davis & Cofield. In the act of sale from him to Davis & Cofield, they assumed, as a part of the price, “to pay and take up to his acquittance and discharge ten of the notes given by him to the widow and heirs of Lalande. They also gave to him, as another part of the price, their eight promissory notes, amounting to §249,300, and secured their payment by special mortgage on the land and slaves.
To the act of sale, Carroll, Hoy & Co., became parties, and bound themselves as securities, in solido, for Davis & Cofield, for the punctual payment of four of the notes given by Davidson to the widow and heirs of Lalande,. assumed by Davis & Cofield, as above stated. These four notes amounting in the aggregate to §30,870, Carroll, Hoy $; Co. paid, and they were subrogated, on paying thorn, to the lights of mortgage and pi’ivib *200 ege, to secure their payment, by the holders and owners. This suit is brought by Davidson to obtain a judgment of the Court, decreeing that he is not bound on the notes to Carroll, Hoy & Co., and that they have neither privilege nor mortgage on the land to, secure payment of them.
Davidson was released by payment of the notes by Carroll, Hoy & Co., for Davis & Cofield had agreed to release him from their payment, and (Darroll, Hoy & -Co. had bound themselves as securities for Davis & Cofield, that they should by payment discharge him from responsibility on them. Carroll, Hoy & Co. were securities bound to him, not for him; his debts were, paid when they paid; and there can be no mortgage or privilege to secure payment of extinguished obligations. But the assumption by Davis & Cofield to pay the notes has not been complied with by them, and Carroll, Hoy & Co. have remedy against their principals to recover debts they paid for them, with the right of subrogation. Civil Code, Arts. 3021; 3022.
Article 2157 of the Code, which declares, “That subrogation takes place of right for the benefit of him, who being bound with others or for others, for the payment of the debt, had an interest in discharging it,” is only applicable, in case of suretyship, to the principal for which the surety is bound, and it follows that when there are any mortgages or privileges that the debtor (for which the security is bound) has given or others have given to secure payment by him, the security is subrogated to their rights on payment by him of his principal’s debt.
By effect of sale from Davidson to Davis & Cofield, the vendor’s privilege was created on the land to secure the payment of the assumption they made to pay his notes, as well as to secure payment of their own notes, which they gave to him, and Carroll, Hoy & Co. have, by legal subrogation, the vendor’s privilege on the land, which avails as a mortgage to secure the amount they paid as securities on the assumption of Davis & Cofield, with interest, and they must be paid out of the proceeds of the land ratably with Davidson. The conventional subrogation claimed by defendants, can produce no effect to the detriment of Davidson. They were bound by the contract between him and them, as securities for Davis & Cofield, and they could not, by arrangement with others in taking up the notes, make their rights greater or better than those pertaining to securities.
The land, it appears from the admission of the parties, has been sold for $100,000, by proceedings of court, at the suit of Davidson;, but there is no evidence in the record showing what sum is owing him. The case must, therefore, be remanded.
The defendants are appellants from a judgment decreeing that plaintiff was not bound to them on the notes, and that they had no mortgage nor privilege on the land.
Let the judgment of the District Court be affirmed, so far as it decrees that plaintiff is not bound to defendants for the payment of the notes, and, in all other respects, let it be annulled and reversed.
Let the ease be remanded to the District Court to be proceeded with according to law.
Rehearing refused.